The City of Rochester, Respondent, v. Macauley-Fien Milling Company, Appellant.— Judgment affirmed, with costs. All concurred.

The People of the State of New York, Respondent, v. James Fendly, Appellant.— Judgment and order affirmed. All concurred.

Frank Mackowiak, Respondent, v. Buffalo and Lake Erie Traction Company, Appellant.— Judgment and order reversed and new trial ordered, with costs to appellant to abide event. Held, that the verdict of the jury is contrary to and against the weight of the evidence. All concurred, except Robson, J., who dissented.

In the Matter of the Appointment of a General Guardian for Katherine Nenno, an Infant Over the Age of Fourteen Years, Respondent. Frank Nenno and Katherine Nenno, Parents, Appellants.— Decree reversed, without costs, and the matter remitted to the surrogate for further action. Held, that while the surrogate properly determined that some person other than the father should be appointed guardian, we think it was not a proper exercise of discretion to appoint Hugh Hubbard, in view of the relations of all the parties interested, and if a guardian is to be appointed it should be some person other than the said Hugh Hubbard or father of the infant. All concurred.

Pearl E. Myers, as Administratrix, etc., of Carlton J. Myers, Deceased, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order affirmed, with costs. All concurred.

Ida E. Nickell, Appellant, v. Harriet Tracy and James O. Ford, Respondents. — Judgment affirmed, with costs. All concurred.

In the Matter of Proving the Last Will and Testament of Henry W. Tibbitts, Deceased. George Tibbitts and Nettie Wakefield, Appellants; Alice E. Tibbitts, Respondent.— Decree of Surrogate's Court reversed, upon questions of fact, with costs to appellants to abide event against the respondent personally, and a trial of the following issues of fact directed to be had, as provided by section 2588 of the Code of Civil Procedure, by and before a jury of the Supreme Court at a term thereof to be convened at the city of Syracuse, in and for the county of Onondaga, on the first Monday in March, 1909, to wit: 1. Did Henry W. Tibbitts possess testamentary capacity at the time of the execution of the alleged will bearing date July 17, 1903? 2. Was the exception* of said alleged will procured by fraud or undue influence practiced upon him? 3. Did said alleged testator possess testamentary capacity at the time of the execution of the codicil to said alleged will, bearing date November 15, 1906? 4. Was the execution of said codicil procured by fraud or undue influence practiced upon him? All concurred.

John Will, Respondent, v. Charles P. Barnwell, Appellant.— Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to plead over upon payment of the costs of the demurrer and of this appeal. Held, that the complaint fails to state any reason why the defendant failed to comply with the provisions of the former judgment or to allege that it was because of the refusal of defendant's wife to join in the conveyance, or that the right to the relief sought by this action could not properly have been deter-

---

*Sic.* — [REP.